IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| Phyllis H. Witcher, | ) ) ) ) | C.A. No.: 07-213 *** |
| Plaintiff, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) |  |
| Murray H. Witcher, Jr., | ) ) |  |
| Defendant | ) ) ) |  |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF
HIS MOTION TO DISMISS THE COMPLAINT**

Dated: July 2, 2007                                         FERRY, JOSEPH & PEARCE, P.A.


　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Lisa L. Coggins
　　　　　　　　　　　　　　　　　　　　　　　　Jason C. Powell, Esquire (No. 3768)
　　　　　　　　　　　　　　　　　　　　　　　　Lisa L. Coggins, Esquire (No. 4234)
　　　　　　　　　　　　　　　　　　　　　　　　824 Market Street, Suite 904
　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 1351
　　　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19899
　　　　　　　　　　　　　　　　　　　　　　　　Tel: (302)575-1555
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES. . . . . . . . ii

STATEMENT OF THE NATURE AND STAGE OF
THE PROCEEDINGS. . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . 2

STATEMENT OF FACTS. . . . . . . . 3

ARGUMENT. . . . . . . . . 5

    THE COURT LACKS JURISDICTION OVER THE SUBJECT MATTER
    OF THE COMPLAINT. . . . . . . 5

        A.    Plaintiff's claim raises no federal question. . . 5

        B.    The Court has no diversity jurisdiction over
                Plaintiff's claim. . . . . . 7

CONCLUSION. . . . . . . . . 8

**TABLE OF AUTHORITIES**

**CASES**                                                                 **PAGE**

ABM Farms, Inc. v. Woods, 692 N.E.2d 574 (Ohio 1998). .   .   .   6

Lindy v. Lynn, 501 F.2d 1367 (3d Cir. 1974).   .   .   .   .   5

Samaroo v. Samaroo, 743 F. Supp. 309 (D.N.J. 1990).   .   .   .   6

Taylor v. Anderson, 234 U.S. 74 (1914).   .   .   .   .   .   6

**STATUES**

28 U.S.C. § 87 (2006).   .   .   .   .   .   .   .   5

28 U.S.C. § 1331 (2006).   .   .   .   .   .   .   5

28 U.S.C. § 1332 (2006).   .   .   .   .   .   .   2, 7

Fed. R. Civ. P. 12(b)(1).   .   .   .   .   .   .   5

**STATEMENT OF THE NATURE AND STAGE**
**OF THE PROCEEDINGS**

On June 8, 2007, Phyllis H. Witcher ("Plaintiff") initiated the instant action by filing a complaint with the Court (the "Complaint"). Murray H. Witcher, Jr. ("Defendant") has moved for dismissal of the Complaint. This is Defendant's opening brief in support of his Motion to Dismiss the Complaint.

**SUMMARY OF ARGUMENT**

**THE COURT LACKS JURISDICTION OVER THE SUBJECT MATTER OF THE COMPLAINT**

    A.    <u>Plaintiff's Claim Raises No Federal Question</u>

i.  Subject matter jurisdiction is invoked when an action arises under the constitution, laws or treaties of the United States.

ii.  In the current matter, Plaintiff brings forth a fraudulent inducement claim. Where fraudulent inducement is not covered by a federal statute, the fraud will be considered under state common law.

iii.  The lack of any additional claims that would provide a federal question preclude the ability for a fraud claim governed by state law to be heard through supplemental jurisdiction.

iv.  To the extent any claim by Plaintiff does exist, such a claim should be brought in the Court of Common Please for Delaware County of the State of Pennsylvania.

    B.    <u>The Court Has No Diversity Jurisdiction over Plaintiff's Claim</u>

i.  28 U.S.C. § 1332 requires diversity of citizenship in order for the Court to exercise subject matter jurisdiction over state law claims.

ii.  In the current matter, both Plaintiff and Defendant are residents of the state of Delaware.

## STATEMENT OF FACTS

Plaintiff and Defendant were married on April 8, 1961. Com. at ¶ 3.[1] [2] Defendant graduated from the Navy in 1960. Com. at ¶ 3. Defendant served on active duty until 1967 and then began a civilian career while remaining in the Navy Reserves. Com. at ¶ 3. Defendant later became eligible for Retired Pay at age sixty and for participation in a survivor benefit plan. Com. at ¶ 3-4. On or about June 1983/1984, Defendant completed a survivor benefit plan, electing to have Plaintiff, his spouse at the time, receive a reduced retirement pay under the plan. Com. at ¶ 4-6. Defendant and Plaintiff signed the election certificate as acknowledgment that Defendant had elected a survivor benefit plan that would pay less than the maximum election amount. Com. at ¶ 6.

In 1986, Defendant commenced divorce proceedings. Com. at ¶ 8. In 1993, pursuant to a court ordered distribution of the marital estate, Plaintiff received forty-eight percent (48%) of Defendant's Navy pension. Com. at ¶ 11. Plaintiff did not receive any percentage of Defendant's survivor benefit plan, nor did she receive any of Defendant's life insurance policy. Com. at ¶ 11.

In 1995, Defendant voluntarily elected to allow Plaintiff to be the beneficiary of Defendant's survivor benefit plan rather than allowing his second wife, to whom he remains married, to be the beneficiary. Com. at ¶ 11.

---

[1] All references to Plaintiff's complaint, dated April 20, 2007, are denoted as "Com. at ¶ _."

[2] For the purposes of this Motion only, the facts, as set forth in the Complaint are cited. Defendant reserves all rights to contest these averments in any further proceedings.

On June 8, 2007, Plaintiff filed a pro-se complaint in the United States District Court for the District of Delaware captioned *Phyllis H. Witcher v. Murray H. Witcher, Jr.*, C.A. No. 07-213. The Complaint alleges that at the time the survivor benefit plan election was completed, Defendant fraudulently induced Plaintiff to concur in receiving less than the full amount of benefits available under the plan. Com. at unnumbered ¶. Plaintiff claims that in 2005 she learned from her brother that in 1979, Defendant spoke with Plaintiff's brother and made a reference to considering divorce from Plaintiff. Com. at ¶ 9.

**ARGUMENT**

**THE COURT LACKS JURISDICTION OVER THE SUBJECT MATTER OF THE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Plaintiff's claim should be dismissed due to lack of subject matter jurisdiction. In the paragraph titled "complaint" within the Complaint, Plaintiff pleads that this Court has jurisdiction over the matter pled in the Complaint pursuant to what appears to be federal question. Plaintiff alleges jurisdiction is raised because Defendant fraudulently induced Plaintiff to sign a federal document and such inducement caused her later harm.

Subject matter jurisdiction may be found under either 1) an issue raising federal question or 2) a case involving diversity jurisdiction. The Complaint fails to provide support for granting subject matter jurisdiction under either option.

A.   Plaintiff's Claim Raises No Federal Question

28 U.S.C. § 87 established the District Court for the District of Delaware. 28 U.S.C. § 1331 confers original jurisdiction upon federal courts for all civil actions arising under the constitution, laws or treaties of the United States. An action is found to "arise under" the laws of the United States "if and only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir. 1974).

In determining whether a case arises under federal law, the court will consider what necessarily appears "in the plaintiff's statement of her own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses." *Samaroo v. Samaroo*, 734 F. Supp. 309, 313 (D.N.J. 1990) *citing Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).

Here, the Complaint alleges fraudulent inducement. Fraudulent inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation. *ABM Farms, Inc. v. Woods*, 692 N.E.2d 574 (Ohio 1998). The fraud relates not to the nature or purpose of the contract but to the facts inducing its execution. *Id.*

In *Samaroo*, the United States District Court for the District of New Jersey held that a federal question was raised when the plaintiff included a pension plan administrator as a defendant, thereby transforming a state action concerning a divorce judgment into an action under the Employee Retirement Income Security Act (ERISA). *Samaroo*, 734 F. Supp. at 313-14. The court noted that had the case been limited to claims concerning the right for the wife to receive survivor benefits under the divorce judgment, the claim would not have arisen under federal law because it would not require a remedy granted by federal law or require interpretation of a federal statute or application of a federal policy. *Id.*

In the current case, Plaintiff requests monetary damages allegedly caused by fraudulent inducement to sign an agreement concerning her husband's election of Navy survivor benefits. Plaintiff's claim is directed entirely at the Defendant's actions relating to the benefits plan. As seen in *Samaroo*, an issue that has some

6

relation to a federal statute does not necessarily cause the issue to "arise under" federal law. No claim or issue has been raised concerning a federal remedy, interpretation of the federal survivor benefit plan statute or application of federal policy.

Because the Complaint rests solely on the alleged fraudulent act of Defendant and seeks monetary damages solely from Defendant, the Complaint fails to provide an action arising under federal law. Furthermore, the Complaint does not include any additional claim that would provide supplemental jurisdiction over the fraudulent inducement claim.

### B.    The Court has no diversity jurisdiction over Plaintiff's claim

28 U.S.C. § 1332 confers subject matter jurisdiction upon district courts when the amount in controversy exceeds $75,000.00 and the matter in controversy is between citizens of different states. The Complaint includes an amount in controversy which exceeds the minimal amount required; however, there remains a lack of diversity jurisdiction. The Complaint lists Plaintiff's address in paragraph number one and Defendant's address in paragraph number two. As can be seen from a review of these paragraphs, both of the parties in this case are residents of the state of Delaware.

## **CONCLUSION**

      For the foregoing reasons Defendant respectfully requests that the Complaint be dismissed.

Dated: July 2, 2007                              FERRY, JOSEPH & PEARCE, P.A.

                                                      /s/ Lisa L. Coggins
                                                      Jason C. Powell, Esquire (No. 3768)
                                                      Lisa L. Coggins, Esquire (No. 4234)
                                                      824 Market Street, Suite 904
                                                      P.O. Box 1351
                                                      Wilmington, DE 19899
                                                      Tel: (302)575-1555
                                                      Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 2 , 2007, one copy of the foregoing Defendant's Opening Brief In Support of His Motion to Dismiss the Complaint was served upon the following party by first class mail:

Phyllis H. Witcher
2304 Riddle Avenue C2
Wilmington, DE 19806


        /s/ Lisa L. Coggins
Lisa L. Coggins, Esquire (No. 4234)