# FERRY, JOSEPH & PEARCE, P.A.

ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899

PHONE (302) 575-1555
FAX (302) 575-1714

---

SUSSEX COUNTY OFFICE
215 E. MARKET STREET
GEORGETOWN, DE 19947

PHONE (302) 856-3706
FAX (302) 856-3708

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI *
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS **
STEVEN G. WEILER +
THOMAS R. RIGGS

( * ALSO PA BAR)
( + ALSO NJ BAR)
( ** ALSO FL, MA AND NY BARS)

www.ferryjoseph.com

THOMAS HERLIHY, III
OF COUNSEL

---

ARTHUR F. DISABATINO
(1962-2001)

July 26, 2007

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
for the District of Delaware
844 North King Street
Lock Box 8
Wilmington, DE 19801

Re: Phyllis H. Witcher v. Murray H. Witcher, Jr., C.A. No. 07-213-***

Dear Judge Thynge:

In anticipation of the Court's August 2, 2007 telephone conference in the above-referenced matter, I enclose a proposed scheduling order. Per the Court's directive, I was to confer with the Plaintiff and submit an agreed upon order. Attached hereto, please find my July 17, 2007 correspondence to the pro se plaintiff. I have not heard any comments regarding the case scheduling order.

Further, this office has set up the telephone conference with the Plaintiff being contacted at (302)655-7764. The telephone conference is scheduled for 9:00 a.m. on August 2, 2007. If the Court should have any further questions or concerns, I would be pleased to respond.

Respectfully submitted,

Jason C. Powell
Delaware State Bar No. 3768

JCP/drs
Enclosures
cc: Phyllis H. Witcher
    Murray Witcher, Jr.

# FERRY, JOSEPH & PEARCE, P.A.

ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899

PHONE (302) 575-1555
FAX (302) 575-1714

Sussex County Office
215 E. Market Street
Georgetown, DE 19947

Phone (302) 856-3706
Fax (302) 856-3708

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH+
ROBERT K. PEARCE
THEODORE J. TACCONELLI*
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS**
STEVEN G. WEILER+
THOMAS R. RIGGS

( * ALSO PA BAR)
( + ALSO NJ BAR)
( ** ALSO FL, MA AND NY BARS)

www.ferryjoseph.com

THOMAS HERLIHY, III
OF COUNSEL

ARTHUR F. DISABATINO
(1962-2001)

July 17, 2007

Phyllis H. Witcher
2304 Riddle Avenue C2
Wilmington, DE 19806

   Re: Phyllis H. Witcher v. Murray H. Witcher, Jr.
     C.A. No. 07-213-***

Dear Phyllis:

  As you may be aware, pursuant to the Court's July 12, 2007 order, we are to set forth a scheduling order to the Court. Enclosed please find a proposed scheduling order that I suggest to the Court. Please review this document and if you have any comments, you can make changes thereto, handwritten or otherwise, and return that to me for further consideration. Nevertheless, I would like to forward an agreed upon scheduling order to the Court by July 27, 2007. Therefore, if you have any changes to the scheduling order, please provide them prior to July 23, 2007.

  Also, this office will set up the telephone conference for 9:00 a.m. on August 2, 2007. Please confirm what telephone number to reach you for that telephone conference.

              Very truly yours,

              Jason C. Powell

JCP/drs
Enclosures
cc: Murray Witcher, Jr.

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Phyllis H. Witcher, | ) ) ) ) | C.A. No.: 07-213 *** |
| Plaintiff, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| Murray H. Witcher, Jr., | ) ) | |
| Defendant | ) ) ) ) | |

SCHEDULING ORDER

This _____ day of _____, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(a) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of other Parties and Amendments of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **September 4, 2007.**

3. Discovery

a. Limitation on Hours for Deposition Discovery. Each side is limited to a total of **20** hours of taking testimony by deposition upon oral examination.

b. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counter claimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c. Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **February 7, 2008.** The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d. Disclosure of Expert Testimony. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **October 2, 2007.** Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e. Discovery Disputes. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302)573-6173 to schedule a

telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on the proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be

disclosed.

5. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>ADR Process.</u> To be discussed during the Rule 16 scheduling conference.

7. <u>Interim Status Report.</u> On **January 8, 2008**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference.</u> On _____, 200_, the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel beginning at _____ __.m.. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel, and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. <u>Case Dispositive Motions.</u> All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **February 28, 2008.** Briefing will be presented pursuant to the Court's Local Rules.

10. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial Conference.</u> On _____, 200__, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ __.m.. Unless otherwise

ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosures requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____, 200_.

12. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14. <u>Trial.</u> This matter is scheduled for a ____ day _____ trial beginning at 9:30 a.m. on _____, 200__ with the remaining trial days beginning at 9:00 a.m.. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ____ hours to present their case.

 

                                                         _____
                                                           United States Magistrate Judge