IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Phyllis H. Witcher<br>Plaintiff, | )<br>)<br>)<br>) | |
| | ) | CIVIL ACTION NO. 07-213 |
| V. | )<br>) | |
| | ) | JURY TRIAL DEMANDED |
| | )<br>) | |
| Murray H. Witcher, Jr.<br>Defendant | )<br>) | |

## REPLY TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Dated: August 1, 2007

Phyllis H. Witcher, pro se
2304 Riddle Ave., C2
Wilmington, DE  19806
(302) 655-7764
e-mail: phyllaw@comcast.net

# TABLE OF CONTENTS

                                                                                 **Page**

TABLE OF AUTHORITIES  ..................................................  ii

SUMMARY OF THE REPLY  ................................................  1

ARGUMENT  ............................................................................  2

       THE COURT HAS JURISDICTION OVER THE SUBJECT
       MATTER OF THE COMPLAINT

        A. Plaintiff's claim submits to Article III, Section 2
           Of the U.S. Constitution

        B. As a First Impression claim, cases known to identify
           subject matter jurisdiction for a district court concern
           pragmatic issues such a international trade or
           specific Federal statutes, and this case complies
           by its total concern with a Federal military pension,
           not a state or private pension.

CONCLUSION  ...........................................................................  4

## TABLE OF AUTHORITIES

THE CONSTITUTION OF THE UNITED STATES; ARTICLE III

28 U.S.C Section 1331

## **SUMMARY OF REPLY TO DEFENDANT'S MOTION**

THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS COMPLAINT

i. This action rises under Article III, Section 2, of the U.S. Constitution: The judicial Power shall extend to all cases, in Law and equity arising under this Constitution, ……..to all Cases of admiralty and maritime Jurisdiction, to Controversies to which the United States shall be a Party. 28 U.S. Code, section 1331 designates district courts as having jurisdiction in all civil cases that involve the Constitution.

ii. Fraudulent inducement was committed here by a military member, representing the United States government in his official capacity in that role, with a military document and appears to be a case of First Impression, and state common law would not apply in these unusual circumstances of wrongful use of only and explicitly a Federal document(s).

## ARGUMENT

## THE COURT HAS JURISDICTION OVER THE SUBJECT MATTER OF THE COMPLAINT

Plaintiff agrees that this case does not involve diversity. Plaintiff and Defendant no longer fall under the jurisdiction of either Pennsylvania or Illinois, but as Plaintiff was knowingly and fraudulently induced by Defendant to comply with the military's schedule on pensions disbursements, and in a far lesser amount due to his assurances to her that the dollars reduction would be covered by all the other financial instruments that he and they had created and earned during 25 years of marriage. But as in Article III of the U.S. Constitution, Mr. Witcher was acting for the military in obtaining Plaintiff's signature, and therefore is representing the United States with his actions. Indeed, the U.S. Navy has also been injured by Mr. Witcher in this action, as honor is the foundation and requirement expectation of the military services and in knowingly deceiving Plaintiff with their (the Military's) procedures, he violated the United States' fundamental military principles. Knowing back in 1983 that he would be depriving her of a large amount of her earned equity from their life together, in his military pension, he forever deprived her, without her awareness, of a normal and judicious milieu to conduct her role in their marriage. Congress thought that they had the problem covered by requiring a spouse's signature on the pension disbursement form, not forseeing that a military member might induce that spouse to sign the form having given [her] fraudulent information on intentions and amount.

2

On information and belief, this issue has never been litigated before now. Therefore, it may, as Defendant argues in his Motion, require "construction of a federal statute", or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." Title 10 of the U.S. Code might require some specific modification, because on information and belief, the problem illuminated in this case may be a growing problem within the military as their divorce statistics are very large. Therefore, this action does "arise under" the laws of the United States and not the state of Delaware. The Samaroo case Defendant cites, is unrelated to this case as it is not, nor was, a part of the 1992 divorce action. The facts are that the SBP (survivor benefits plan) are not permitted to be awarded by a divorce court, in an of itself a suspicious issue seeming to limit the options a responding spouse (usually the Wife) has in divorce. The survivor benefits can be part of a settlement agreement in divorce, but the Witcher case did not have an agreement, and all issues were Ordered by the court, with the aforementioned limitation on the SBP. Therefore, fraud committed by Defendant was independent of the state divorce action ruling, and subject to the civil fraud he committed against Plaintiff and the United States Navy.

In opposing counsel's STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS, she errs with the June 8, 2007 date for when Plaintiff "initiated the instant action by filing a complaint with the Court". The complaint was filed and time-stamped on April 20, 2007.

3

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Motion To Dismiss the Complaint be denied.

Dated: August 1, 2007

*Phyllis H. Witcher*
Phyllis H. Witcher. Pro se
2304 Riddle Ave. C2
Wilmington, De 199806
Tel: (302)655-7764

4

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 1, 2007, one copy of the foregoing Reply to Defendant's Motion to Dismiss the Complaint was served upon Defendant's counsel at the address below by first class mail:

Lisa L. Coggins.Esq.
Jason Powell, Esq.
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

*Phyllis H. Witcher*
Phyllis H. Witcher. Pro se
2304 Riddle Ave. C2
Wilmington, De  199806
Tel: (302)655-7764