IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Phyllis H. Witcher, | § | C.A. No.: 07-213 *** |
| | § | |
| Plaintiff, | § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | |
| | § | |
| Murray H. Witcher, Jr. | § | |
| | § | |
| Defendant | § | |
| | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S "REPLY TO DEFENDANT'S MOTION TO DISMISS."**

Dated: August 17, 2007           FERRY, JOSEPH & PEARCE, P.A.


/s/ Jason C. Powell
Jason C. Powell, Esquire (No. 3768)
Lisa L. Coggins, Esquire (No. 4234)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302)575-1555
Attorneys for Defendant

# **TABLE OF CONTENTS**

|   | **Page** |
|---|---|
| TABLE OF AUTHORITIES. | ii |
| SUMMARY OF THE RESPONSE. | 1 |
| RESPONSE ARGUMENT. | 2 |
| I. This Court should grant Defendant's Motion to Dismiss because Plaintiff's response fails to show that this Court has subject matter jurisdiction. | 2 |
|     A. Neither Article III, Section 2 of the Constitution nor 28 U.S.C. § 1331 provide this Court with original jurisdiction for this fraudulent inducement claim. | 2 |
|     B. Fraudulent inducement claims against a former spouse have been previously handled by state courts. | 4 |
| CONCLUSION. | 5 |

# TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE**

Gross v. Gross, 2004 WL 1328011 (Conn. Super.)    .    .    .    . 4, 5

Samaroo v. Samaroo, 743 F. Supp. 309 (D.N.J. 1990)    .    .    . 2

Shuttleworth v. Abramo, 1994 WL 384428 (Del. 1994)    .    .    . 4

**STATUES**

The United States Constitution, Article III, Section 2    .    .    . 1, 2

28 U.S.C. § 1331 (2006).    .    .    .    .    .    .    . 1, 2, 3

10 U.S.C. § 1408 (2006).    .    .    .    .    .    .    . 5

## SUMMARY OF ARGUMENT

**I. This Court should grant Defendant's Motion to Dismiss because Plaintiff's response fails to show that this Court has subject matter jurisdiction.**

    A. Neither Article III, Section 2 of the Constitution nor 28 U.S.C. § 1331 provide this Court with original jurisdiction over this fraudulent inducement claim.

    i. For the purposes of this case, subject matter jurisdiction is not available under Admiralty or Maritime law, or under cases involving the United States as a party.

    ii. Any alleged statements made by Defendant were made in his own personal capacity and not in a representative capacity for the military.

    iii. Plaintiff's allegations that Defendant harmed the United States and/or the United States Navy, while baseless, are also irrelevant because neither the United States nor or the United States Navy are parties to this action.

    iv. The instant action concerning fraudulent inducement requires no statutory construction or application of distinctive federal policies since there is no debate as to the requirements or procedures of survivor benefit elections.

    B. Fraudulent inducement claims against former spouses are adjudicated by state courts.

    i. Prior fraudulent inducement claims against former spouses, including claims concerning survivor benefits plans, have been adjudicated in state courts.

    ii. Plaintiff's claim is not completely independent of the parties' prior state divorce action because divorce courts may consider circumstances concerning Survivor Benefits Plans in determining how to award property in a divorce order.

## ARGUMENT

**I. This Court should grant Defendant's Motion to Dismiss because Plaintiff's response fails to show that this court has subject matter jurisdiction.**

Plaintiff's response provides no valid support that her claim includes a federal question.[1] Plaintiff consents that there is no diversity jurisdiction in this case. Plaintiff has made no objection to the statement of facts.[2] Further, Plaintiff's response cites no case law supporting her contention, nor does she cite case law or statutory law that contradicts the law and statements included in Defendant's Motion.[3]

Although Plaintiff maintains her opinion that this court has subject matter jurisdiction, Plaintiff's response fails to provide any meaningful support for this contention.

<u>A. Neither Article III, Section 2 of the Constitution nor 28 U.S.C. § 1331 provide this Court with original jurisdiction over this fraudulent inducement claim.</u>

Plaintiff's response cites Article III, Section 2 of the constitution as providing subject matter jurisdiction to this case. Article III, Section 2 provides federal courts with original jurisdiction over certain specified matters. Plaintiff's "Summary of Reply to Defendant's Motion" and "Argument" sections appear to contend that

---

[1] Plaintiff's response refers to Plaintiff's pleading titled "Reply to Defendant's Motion to Dismiss the Complaint".

[2] Defendant acknowledges that the Motion to Dismiss inadvertently cited June 8, 2007 as the date the complaint was initiated.

[3] Plaintiff argues that *Samaroo v. Samaroo*, 743 D. Supp. 309 (3d Cir. 1974), a case cited in Defendant's Motion, is unrelated to the current case or the parties' divorce action. Defendant cited the *Samaroo* case not because of a direct relation to this case, but for the purpose of analogizing the current lack of subject matter jurisdiction to that of prior secondary case authority.

original jurisdiction is available under either admiralty and maritime jurisdiction, under cases involving the United States as a party, or under federal question governed by 28 U.S.C. § 1331.

The current case has no relation to admiralty and maritime issues, which focus on maritime offenses and questions. Nor is the United States a party to this action. Defendant's actions were not on behalf of the United States or the United States Navy. Survivor Benefits Plans are provided to individuals who have become eligible to receive such retirement pay if they wish to enroll in such plan. Defendant and Plaintiff were acting in individual capacities in connection with any actions taken with the Survivor Benefit Plan. The language of documents associated with the Survivor Benefits Plan in no way infers that such elections are made in a representative capacity.[4]

Subject matter jurisdiction afforded by federal question requires a Plaintiff's complaint to state the federal question being raised. Plaintiff's response to Defendant's Motion fails to provide clarity as to why she believes there is a federal question concerning the alleged fraudulent inducement. Plaintiff simply regurgitates language in Defendant's Motion, stating that her case may require that construction of a federal statute and application of distinctive federal policy principles are required for its disposition. Plaintiff fails to cite with any clarity which federal statute she contends that requires construction or what federal policy principles should be applied. The

---

[4]The language of the open enrollment election marked as Exhibit 2 and attached to plaintiff's complaint states the principal purpose thereof as "... permit[ting] eligible individuals to make survivor benefit plan, reserve component survivor benefit plan elections...."(D.I. 2)

Plaintiff's complaint cites lone allegations against the Defendant and takes no issue with the Navy Survivor Benefit Plan and/or related federal statute.

Plaintiff's response includes several unjustified opinions relating to injuries incurred by the United States and the United States Navy, opinions as to congressional intent concerning Navy pension disbursements, and opinions as to the need for modifications of the statute. Plaintiff's opinions as to injuries to parties other than herself are irrelevant because Plaintiff is the only party seeking damages. Plaintiff fails to cite any support for her opinion concerning congressional intent. Further, to the extent that Plaintiff seeks modification of federal statutes, she should seek changes through the legislature rather than through the judiciary. Because these particular contentions do not provide valid reasons for not granting the Motion to Dismiss and because the contentions provide no federal question relating to fraudulent inducement, they merit no further response.

### B. Fraudulent inducement claims against a spouse have been previously adjudicated by state courts.

Plaintiff contends that the fraudulent inducement claim is a claim of first impression that deserves district court analysis. Plaintiff fails to recognize that similar cases involving fraudulent inducement claims against spouses have been considered and decided in state courts. *See Gross v. Gross*, 2004 WL 1328011 (Conn. Super.) (assessing whether defendant took advantage of plaintiff in persuading her to sign a waiver of spousal survival benefits); *see also Shuttleworth v. Abramo*, 1994 WL 384428 (Del. 1994) (finding that a wife's fraudulent inducement claims against her husband did not warrant that she receive damages against her husband's estate).

Plaintiff is incorrect in her argument that spouses are limited in the ability to receive survivor benefits plans during divorce. A divorce court may order a spouse to maintain an ex-spouse as beneficiary, or may require that an alternative form of payment be provided to an ex-spouse when survivor benefits are unavailable due to the actions of the other spouse. *See* 10 U.S.C. § 1408 (granting state courts the ability to treat retirement benefits as community or separate property in accord with applicable state laws); *Gross*, 2004 WL 1328011 (husband was required to provide health insurance to ex-wife because his actions precluded her ability to receive survivor benefits). Therefore, Plaintiff's claim, as it relates to her deprivation of earned equity gained from the marriage, is not completely independent from the state court divorce action and does not raise a federal question.

## CONCLUSION

For the reasons stated herein, as well as those stated in Defendant's Motion to Dismiss, Plaintiff's complaint should be dismissed.

Dated: August 17, 2007        FERRY, JOSEPH & PEARCE, P.A.

                                                /s/ Jason C. Powell
                                            Jason C. Powell, Esquire (No. 3768)
                                            Lisa L. Coggins, Esquire (No. 4234)
                                            824 Market Street, Suite 904
                                            P.O. Box 1351
                                            Wilmington, DE 19899
                                            (302)575-1555
                                            Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 17, 2007, one copy of the foregoing Defendant's Reply to Plaintiff's "Reply to Defendant's Motion to Dismiss" was served upon the following party by first class mail:

Phyllis H. Witcher
2304 Riddle Avenue C2
Wilmington, DE 19806

                                                   /s/ Jason C. Powell
                                       Jason C. Powell, Esquire (No. 3768)